IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00196-GPG

MARIA CRISTINA VELASQUEZ-MENDOZA,

    Applicant,

v.

JOHN LONGSHORE, U.S. DHS-ICE,

    Respondent.

---

ORDER TO DISMISS IN PART AND
TO FILE AMENDED APPLICATION IN PART

---

I. Background

    Applicant initiated this action on January 29, 2015 by filing, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 challenging the ICE's threat of arrest and deportation based on Applicant's failure to attend an asylum proceeding that was held without her and her counsel being noticed. Applicant paid the $5.00 filing fee. Within six days, Applicant filed an Amended Application that appears to assert the same claims.

    On February 12, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondent to file a Preliminary Response to the Application addressing any jurisdictional issues, and the affirmative defense of exhaustion of administrative remedies. ECF No. 4. Respondent filed a Preliminary Response on March 5, 2015. ECF No. 9. On March 26, 2015, counsel made an appearance on behalf of Applicant, and requested an extension of time to file a Reply. The Court granted the extension and allowed counsel thirty days to reply. The time now has run, and counsel has failed

to reply. The Court, therefore, will proceed to review the Preliminary Response.

II. Claims

In the § 2241 Application, Applicant asserts that the ICE has violated her due process and equal protections rights, international laws, the Supremacy Clause of the Constitution, and the UN Declaration on Rights of Indigenous People, the United States Indian Child Welfare Act in failing to notify her or her attorney of the asylum hearing and then threatening arrest and confinement within twenty days, the taking of her children, and deportation. Applicant seeks no further "face-to-face" with the ICE until further order of the Court and the dissolution of "unlawful prior orders where juris allows."

Respondents assert that, when Applicant failed to appear for the hearing on her reasonable fear proceeding, the immigration judge terminated the proceeding without prejudice. ECF No. 9 at 2. Because Applicant has not sought to reopen or reinstate the proceedings, nor request another hearing, the order of removal is now enforceable. *Id.*

III. The "In Custody" Requirement

An individual may seek habeas relief under § 2241 only if he or she is "in custody" under federal authority or for violation of federal law. 28 U.S.C. § 2241(c). A final order of removal subjects an alien to a restrain on liberty sufficient to place the alien in "custody." *See Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291 (10th Cir. 2001) ("Although the petitioners in this case are not being 'detained,' they are 'in custody' for habeas purposes because they are subject to final deportation orders"); *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir.1994) ("[T]here is general consensus that an alien whose liberty is restricted pursuant to an order emanating from the INS is 'in custody' for purposes of satisfying the prerequisites for habeas review."). *Accord Jones*

*v. Cunningham,* 371 U.S. 236 (1963) (parolee still "in custody" of the parole board for purposes of habeas corpus relief because the parole order imposed conditions that "significantly confine[d] and restrain[ed] his freedom").

Besides the asserted threats of a final order of removal, the taking of her children, and arrest, Applicant is subject to an order of supervision, which requires a "check-in" with her assigned deportation officer. *See* Am. Application, ECF No. 3, at 6. Applicant's current status appears to satisfy the "in custody" requirement of § 2241.

IV. Challenges to a Removal Order

To the extent that Applicant may be subject to a removal order and is asserting the removal order violates due process, international laws, the Supremacy Clause of the Constitution, and the UN Declaration on Rights of Indigenous People, the United States Indian Child Welfare Act, none of these allegations may be pursued in a § 2241 proceeding. Under the Real ID Act, petitions for review filed with the court of appeals are "the sole and exclusive means" of review of most administrative orders of removal, deportation, or exclusion. 8 U.S.C. § 1252(a)(5).

The statute defines "order of removal" as an administrative order concluding that an alien is removable or ordering removal. 8 U.S.C. § 1101(a)(47)(A). The Real ID Act, however, did not eliminate a district court's jurisdiction to review habeas petitions challenging an alien's detention. 8 U.S.C. § 1252(a)(1). Accordingly, if Applicant is subject to a removal order the Court lacks subject matter jurisdiction to consider any challenges to the removal order.

V. ICE's Unconstitutional Conduct

In the § 2241 Application, Applicant asserts that the "ICE Bully Team" threatened to arrest her, put her in jail, deport her, and take away her children. ECF No. 3 at 2-3. These allegations do not tend to show that the conditions of Applicant's supervised release violate due process or other federal statute or treaty. The critical inquiry under the habeas corpus statute is whether the petitioner's custody violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2241(c). Whether Applicant's allegations of objectionable conduct by ICE agents would support a claim pursuant *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), against individual immigration officers, or a state law tort claim, are not appropriate issues to be resolved in this federal habeas corpus action. Accordingly, these allegations are subject to dismissal.

VI. Claims Challenging Conditions of Release

An alien subject to a final order of removal may be released, pending removal, on conditions set forth in regulations prescribed by the Attorney General. *See Zadvydas v. Davis*, 533 U.S. 678, 695-96 (2001), citing 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5. If an alien fails to comply with the conditions of release, he or she will be subject to criminal penalties, including detention. *Id.*

As relevant here, the regulations require, *inter alia*, that the alien "appear before an immigration officer periodically for identification." *Kalombo v. Shanahan*, No. 07 Civ. 11350(PKC), 2009 WL 1788589, at *4 (S.D.N.Y. Jun. 23, 2009); see 8 C.F.R. § 241.5(a)(1) (providing that an order of supervision should include that "the alien report to a specified officer periodically and provide relevant information under oath as

directed"); *see also United States v. Witkovich*, 353 U.S. 194, 202 (1957) (finding that the Attorney General may require deportable aliens periodically to appear before the agency for identification purposes under Section 242 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1231(a)(3)).

    A.  Due Process

Applicant appears to assert that the failure to notify her of the asylum hearing and to now require in-person reporting violates the Fifth Amendment Due Process Clause.  While the Due Process Clause does apply to aliens within the United States, *Mathews v. Diaz*, 426 U.S. 67, 77 (1976), the government enjoys relatively wide latitude in imposing restrictions on the liberty of such individuals, particularly following the issuance of a removal order.  *Demore v. Kim*, 538 U.S. 510, 528 (2003) ("when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal"); *see Mathews*, 426 U.S. at 78-80 ("In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to its citizens"). Thus, courts reviewing the constitutionality of supervision for aliens subject to removal orders have employed a rational basis standard of review.  See *Yusov v. Shaughnessey,* 671 F. Supp.2d 523, 530 (S.D. N.Y. 2009); *Zavala v. Prendes,* No. 3-10-CV-1601-K-BD, 2010 WL 4454055 (N.D. Tex. Oct. 5, 2010); *Kalombo,* 2009 WL 1788589, at *6 ("The terms of petitioner's supervision are minimally intrusive and rationally related to that legitimate interest."); *Nguyen v. B.I. Inc.*, 435 F. Supp.2d 1109, 1115 (D. Or. 2006) ("Because the right at stake is not fundamental, the government's action is subject only to rational basis review," citing *Denmore*, 538 U.S. at 528).

To survive rational basis review, a government action must be rationally related to some legitimate government purpose. *Reno v. Flores*, 507 U.S. 292, 305-06 (1993). "The goals of 'reducing the number of absconding aliens' and 'accounting for and being able to produce any alien who becomes removable' are legitimate government interests." *Yusov*, 671 F. Supp.2d at 530 (quoting *Nguyen*, 435 F. Supp.2d at 1115).

The Fifth Amendment claim appears to lack merit. However, the Court recognizes that the Application was filed by the Applicant prior to counsel entering an appearance. Although Applicant's attorney indicated on the last page of the Application that he "helped prepare this app.," it is unclear how much assistance Mr. Salvator gave to the Applicant in drafting the Application. Accordingly, the Court will afford Applicant, through counsel, one last opportunity to file an Amended Application that sets forth all factual allegations and assertions in support of a Fifth Amendment due process claim challenging the conditions of Applicant's supervised release. The Amended Application should not include any claims or allegations that have been dismissed in this Order.

B. Equal Protection

Applicant alleges in the Application that the conditions of her release violate the Equal Protection Clause because she is being treated differently than similarly situated individuals. However, conclusory assertions, without supporting factual allegations, are insufficient to state an equal protection claim. *See Straley v. Utah Bd. of Pardons,* 582 F.3d 1208, 1215 (10th Cir. 2009) (rejecting bare equal protection claim that failed to identify an similarly-situated individual that was given more beneficial treatment); *see also Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1323 (10th Cir.2010) (holding "vague

and conclusory allegations, without any specific facts" regarding differential treatment insufficient to support equal protection claim). Applicant, through counsel, will be afforded an opportunity to amend the equal protection claim.

VII. Conclusion

For the reasons discussed above, it is

ORDERED that Applicant's allegations challenging the legality of her reinstated removal order, as discussed above in Section III are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. It is

FURTHER ORDERED that the allegations challenging the conduct of ICE agents in threatening to detain her and take away her child are DISMISSED WITHOUT PREJUDICE because the allegations are not cognizable under 28 U.S.C. § 2241. It is

FURTHER ORDERED that Applicant may file an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, **within twenty-one days of this Order**, challenging only the requirements of Applicant's supervised release as a violation of her Fifth Amendment due process and/or equal protection rights. It is

FURTHER ORDERED that if Applicant fails to file an Amended Application within the time allowed, the remaining claims will be dismissed without further notice, for the reasons discussed above.

DATED at Denver, Colorado, this   6th   day of     May        , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court